NOT FOR PUBLICATION                                    [Docket No. 12]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

```
CHRISTINA KENNEY,              :
                               :
              Plaintiff,       :    Civil No. 05-1851 (RMB)
                               :
         v.                    :    OPINION
                               :
ULTRADENT PRODUCTS, INC.,      :
                               :
              Defendant.       :
```

APPEARANCES:

Stuart J. Alterman, Esq.
Kristofer B. Chisea, Esq.
ALTERMAN & ASSOCIATES
800 Kings Highway North, Suite 301
Cherry Hill, NJ 08034
     Attorneys for Plaintiff

Patrick M. Stanton, Esq.
Jennifer Rygiel-Boyd, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 402
Morristown, NJ 07960
     Attorneys for Defendant

**BUMB**, United States District Judge:

**Introduction**:

     This matter comes before the Court upon the Defendant's,

Ultradent Products, Inc. ("Ultradent"), Motion for Summary

Judgment. In a Complaint filed with this Court on April 7, 2005, the Plaintiff, Christina Kenney, alleges that Ultradent discriminated against her on the basis of her sex in violation of both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, et seq. (Compl. at ¶ 21) and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1. Id. at ¶ 25. Plaintiff also contends Ultradent's termination of her employment was wrongful because it was against public policy. Id. at ¶ 26. Although not explicitly stated in her Complaint, Plaintiff's papers also allege that the Defendant discriminated against her because of pregnancy. (Pl.'s Br. at p. 5). This Court has reviewed the parties' papers and, for the reasons discussed below, Defendant's motion for summary judgment will be granted.

**Background:**

The Defendant is a corporation based in South Jordan, Utah that manufacturers and packages materials, devices and instruments used by dentists and dental laboratories. (Def.'s Mot. at p. 2). Plaintiff began work for Ultradent as a Territory Account Manager ("TAM"), a sales position, on April 26, 1999.[1]

---

[1] Plaintiff's Statement of Undisputed Facts ("Pl.'s S.O.F.") lists her start date at Ultradent as "April 16, 1999." (Pl.'s S.O.F. at #1). The Court assumes this is a typographical error, as both Plaintiff's Complaint and Brief in Opposition to Summary Judgment give April 26, 1999 as her start date. (Pl.'s

(Pl.'s S.O.F. at # 1, 2; Def.'s S.O.F. at # 1).  The job required Plaintiff to market and sell Defendant's products to dentists within her territory.  (Pl.'s S.O.F. at # 3; Def.'s S.O.F. at # 3).  Plaintiff was required to attend meetings as part of her job, including regional meetings of the Defendant's sales staff and trade shows.  Id.  All sales staff, including those in Defendant's position, were required to attend Ultradent's annual National Sales Meeting at its corporate headquarters in Utah.  (Pl.'s S.O.F. at # 7; Def.'s S.O.F. at #7).

Plaintiff was pregnant from November 2001 to August 22, 2002,[2] and on maternity leave from July 15, 2002 to September 23, 2002.  (Pl.'s S.O.F. at # 4, 5; Def.'s S.O.F. at # 4, 5).  She was excused from and did not attend the National Sales Meeting in 2002 as a result of complications with her pregnancy.  (Kenney Dep. at pp. 85-86.)  After returning to work from maternity leave, the Plaintiff chose to go from full-time employment to part-time employment so she could spend more time with her family.  (Pl.'s S.O.F. at # 6; Def.'s S.O.F. at # 6).  She was excused from and did not attend the National Sales Meeting in

---

Compl. at ¶ 5; Pl.'s Opp. Br. at p. 2).

    [2]    In Plaintiff's Statement of Undisputed Facts, the pregnancy dates are listed as "1-01 to 8-22-02."  (Pl.'s S.O.F. at #4).  The Court assumes that this is another typographical error because both Plaintiff's Complaint and Opposition Brief state that she became pregnant in November 2001, not January 2001.  (Compl. at ¶ 6; Pl.'s Br. at p. 2).

2003 because she was nursing and could not leave her daughter. (Kenney Dep. at pp. 87-88).

Plaintiff was told by her supervisor that she needed to attend the March 2004 National Sales Meeting (hereinafter "the 2004 meeting") in Utah. (Pl.'s S.O.F. at # 8; Def.'s S.O.F. at # 8). On March 2, 2004, while en route to that meeting, Plaintiff stated she had what was later diagnosed as a panic attack and returned home as a result. (Pl.'s S.O.F. at # 9). On March 10, 2004, the Defendant terminated Plaintiff's employment for failure to attend the 2004 meeting. (Pl.'s S.O.F. at # 10; Def.'s S.O.F. at #10).

On June 30, 2004, Plaintiff filed a Charge of Discrimination against Ultradent for unlawful discrimination based on gender with the Equal Employment Opportunity Commission ("EEOC"). (Compl. at ¶ 16). On January 7, 2005, the EEOC issued a Notice of Right to Sue, administratively closing the Charge and allowing her to pursue her claim against the Defendant in United States District Court. Id. at ¶ 17. Plaintiff filed her complaint in the District of New Jersey on April 7, 2005.³ Following

---

³ For the first time in Plaintiff's papers, she also alleges that the Defendant discriminated against her during her pregnancy term, November 2001 through August 2002. (Pl.'s Br. at p. 2.) However, these claims are time-barred by both Title VII and the NJLAD. See 42 U.S.C. §2000e-5(e)(1) (Charges must be filed within 300 days of the alleged violation when they are covered by state anti-discrimination laws); Cardenas v. Massey, 269 F.3d 251, 255 (3d Cir. 2001) (The statute of limitations for claims under the NJLAD is two years). Because these allegedly

discovery, the Defendant filed this motion for summary judgment on May 4, 2007.

**Summary Judgment Standard:**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552, 119 S. Ct. 1545, 143 L. Ed. 2d 731 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).  The threshold

---

discriminatory actions took place almost two years before Plaintiff filed her EEOC charge, and more than three years before she filed this action, they cannot be reviewed by the Court.  See Sylvester v. Unisys Corp., 1999 U.S. Dist. Lexis 3607, *13 (E.D. Pa. 1999) ("the NJLAD imposes no requirement that a plaintiff exhaust his administrative remedies before filing suit in court.") (unpublished).

[4]  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. See id.

inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[5]  Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).  It is under this standard that Defendant's motion is evaluated.

**Discussion**:

The Plaintiff is asserting a claim of gender discrimination under Title VII, 42 U.S.C. §2000(e) et seq., pregnancy discrimination under the Pregnancy Discrimination Act of 1978 ("the PDA"), 42 U.S.C. §2000e(k) and the NJLAD.[6]  Pursuant to the PDA, "Congress explicitly provided that, for purposes of Title VII, discrimination on the basis of sex includes discrimination because of or on the basis of pregnancy, childbirth, or related medical conditions."  UAW v. Johnson Controls, Inc., 499 U.S.

---

[5]  The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

[6]  Plaintiff's counsel only refers to Title VII as "Title VII of the Civil Rights Act of 1964." (Pl.'s Compl. at ¶ 21.) The Court has identified the specific provision in the law which applies to pregnancy discrimination, as well as its correct statutory citation.

187, 198-199, 111 S. Ct. 1196, 113 L. Ed. 2d 158 (1991) (quotations omitted).

The familiar McDonnell Douglas burden shifting framework applies to Plaintiff's claims of discrimination brought under both Title VII and the NJLAD. Schurr v. Resorts Int'l Hotel, Inc., 196 F.3d 486, 498 (3d. Cir. 1999). First, the plaintiff must demonstrate that she has a prima facie case of employment discrimination by providing evidence sufficient to show that she was: 1) a member of a protected class; 2) qualified for the position; 3) suffered an adverse employment decision; and 4) nonmembers of the protected class were treated more favorably. Rhett v. Carnegie Ctr. Assocs. (In re Carnegie Ctr. Assocs.), 129 F.3d 290, 294-295 (3d Cir. 1997) (citations omitted).

If the plaintiff has established a prima facie claim of discrimination, the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reason for the employee's rejection." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). The burden then shifts back to the plaintiff, who must show that the nondiscriminatory reason articulated by the defendant is in fact a pretext for discrimination. Id. at 804. "To survive a motion for summary judgment in the employer's favor, a plaintiff must produce some evidence from which a jury could reasonably reach these conclusions." Moore v. City of Philadelphia, 461 F.3d 331, 342

(3d Cir. 2006) (citing Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)).

In Count III of her complaint, Plaintiff claims her termination was wrongful under common law. (Compl. at ¶¶ 26-29). A supplementary common law cause of action cannot go forward when the NJLAD provides a remedy for the wrong. Catalane v. Gilian Instrument Corp., 271 N.J. Super. 476, 491-492, 638 A.2d 1341 (N.J. Super. App. Div. 1994). As the NJLAD provides a remedy for Plaintiff's discrimination allegations the Court will not grant summary judgment as to the supplementary common law claim. Id. (stating that the New Jersey Legislature wrote the NJLAD broadly enough to encompass those claims and damages previously available at common law).

Plaintiff claims that the Defendant discriminated against her on the basis of her gender, specifically because of her pregnancy, in violation of Title VII and the NJLAD. (Compl. at ¶¶ 21, 25). Plaintiff admits that Defendant terminated her employment as a result of her failure to attend the 2004 meeting. (Pl.'s S.O.F. at # 10). However, she claims that failure to attend "followed" her pregnancy, therefore the termination was discriminatory. (Pl.'s Br. at p. 1).

The Defendant claims that it did not discriminate against the Plaintiff because of her pregnancy, and that her termination was a result of her failure to attend the 2004 meeting. (Def.'s

Br. at p. 8). It claims that the Plaintiff's panic attacks were not related to her pregnancy.. (Def.'s Rep. Br. at p. 5). The Defendant asserts that summary judgment is warranted because the Plaintiff cannot establish a claim for gender discrimination and has failed to demonstrate a prima facie case of pregnancy discrimination. (Def.'s Br. at pp. 7 and 10). Even if she has made a prima facie case of pregnancy discrimination, however, the Defendant contends no jury could rule for her because she has not produced any evidence to support her claims. Id. at p. 10.

1) Gender Discrimination Claim

The Defendant has stipulated that Plaintiff has a prima facie case of gender discrimination (Id. at p. 8), therefore the Court will not evaluate the first part of the McDonnell Douglas framework with regard to that claim. However, Defendant contends that its termination decision was based on Plaintiff's failure to attend the 2004 meeting as required. To support this assertion, the Defendant has provided the statement of Plaintiff's supervisor, Laurel Parker, asserting that Plaintiff was informed she must attend the 2004 meeting. (Davenport Cert. at Ex. A). The Defendant has, therefore fulfilled, its burden under the McDonnell Douglas framework by providing a legitimate, nondiscriminatory reason for terminating her employment.

9

The burden now shifts back to the Plaintiff, who must prove by a preponderance of the evidence that the Defendant's proffered reason was merely a pretext for discrimination. Ryder v. Westinghouse Elec. Corp., 128 F. 3d 128, 136 (3d Cir. 1997) (citations omitted). "To survive a motion for summary judgment in the employer's favor, a plaintiff must produce some evidence from which a jury could reasonably reach these conclusions." Moore, 461 F.3d at 342 (citing Fuentes, 32 F.3d at 764). Plaintiff has not provided any evidence to refute Defendant's proffered reason, besides her own assertions to the contrary. As such, she has not fulfilled her burden of proof that the her discharge for failure to attend the 2004 meeting was a pretext for gender discrimination. Therefore, the Court will grant Defendant's motion for summary judgment with regard to Plaintiff's gender discrimination claims under Title VII and the NJLAD.

2) Pregnancy Discrimination

The McDonnell Douglas burden shifting framework also applies to Plaintiff's pregnancy discrimination claim. Geraci v. Moody-Tottrup, Int'l, 82 F.3d 578, 581 (3d Cir. 1996). A plaintiff must present sufficient evidence that she has a prima facie case by showing she was: 1) a member of a protected class; 2) qualified for the position; 3) suffered an adverse employment

decision; and 4) nonmembers of the protected class were treated more favorably. In re Carnegie Ctr. Assocs., 129 F.3d at 294-295 (citations omitted).

"The elements of that prima facie case, [], must not be applied woodenly, but must rather be tailored flexibly to fit the circumstances of each type of illegal discrimination." Geraci, 82 F.3d at 581. In cases of race or gender discrimination, there is usually little doubt as to whether or not the plaintiff is a member of a protected class. Pregnancy discrimination cases differ from those kinds of cases because the plaintiff's status as a member of the protected class may not be obvious to the employer, especially during the early stages of pregnancy. Id. Therefore, the Third Circuit treats pregnancy discrimination cases differently from the majority of Title VII cases by adding the element of the employer's knowledge of the plaintiff's status to the test for determining if a prima facie case exists. Id.

The parties in the instant case agree that Plaintiff was qualified for the job she was terminated from and suffered an adverse employment action. What is unclear is whether or not the Plaintiff was a member of the protected class as defined by the PDA, and whether or not non-members of the protected class were treated more favorably. The Court will discuss each issue in turn.

Plaintiff was not pregnant at the time of the 2004 meeting or when she was actually terminated. She was pregnant two years prior to that meeting, from November of 2001 through August 22, 2002. Plaintiff claims that her panic attack was "a medical condition brought about by the result of [that] pregnancy," which was the reason she did not attend the 2004 meeting and, therefore, that she is a member of the PDA's protected class. (Pl.'s Statement of Disputed Facts at #6, and Pl.'s Br. at p. 5, "she suffered a 'Panic attack' following her pregnancy"). The Defendant contends that Plaintiff's termination lacked temporal proximity to her pregnancy and that she has not provided any medical evidence that the panic attack occurred because of it, therefore she is not a member of the protected class as defined by the PDA. (Def.'s Br. at p. 11).

"While some effects of pregnancy linger beyond the act of giving birth, at some point the female employee is no longer 'affected by pregnancy, childbirth, or related medical conditions,' for purposes of the PDA." Solomen v. Redwood Advisory Co., 183 F. Supp. 2d 748, 753 (E.D. Pa. 2002) (quoting 42 U.S.C. §2000e(k)). As such, membership in the protected class is less clear for a woman who is not pregnant at the time the allegedly adverse employment action takes place. Id. at 754. See In re Carnegie Ctr. Assocs., 129 F.3d at 297 (plaintiff who was laid off while on maternity leave was a member of the PDA's

12

protected class); <u>Jones v. Hosp. of Univ. of Pa.</u>, 2004 U.S. Dist. LEXIS 15711, *14 (E.D. Pa. 2004) (plaintiff who was terminated two and one-half months after giving birth, and one week after returning from maternity leave, demonstrated sufficient temporal proximity to her pregnancy to fall within the PDA's protected class) (unpublished); <u>Solomen</u>, 183 F. Supp. 2d at 755 (plaintiff who was terminated eleven months after childbirth failed to establish membership in the PDA's protected class).

To be a member of the protected class when no longer within temporal proximity to either pregnancy or childbirth, the plaintiff must do more than "show she was, past tense, pregnant." <u>Solomen</u>, 183 F. Supp. 2d at 754 (<u>quoting</u> <u>Brinkman v. State Dept. of Corrections</u>, 863 F. Supp. 1479, 1486 (D. Kan. 1994)). The plaintiff must have evidence that at the time of the adverse employment action she had a medical condition related to either the pregnancy or childbirth. <u>Id.</u> Being a new parent, however, is not a medical condition related to either pregnancy or childbirth. <u>See</u> <u>Piantanida v. Wyman Center, Inc</u>. 116 F.3d 340, 342 (8th Cir. 1997) (plaintiff claimed she was demoted because she was a new mother, and therefore a member of the PDA's protected class).

The Eighth Circuit discussed this very issue with regard to a pregnancy discrimination claim in <u>Piantanida v. Wyman Center</u>. The employee plaintiff in <u>Piantanida</u> claimed her status as a new

13

parent made her a member of the PDA's protected class.  Id. at 341.  In affirming the district court's grant of summary judgment for the defendant employer, the court explained that "an individual's choice to care for a child is not a 'medical condition' related to childbirth or pregnancy.  Rather, it is a social role chosen by all new parents who make the decision to raise a child," whether they are men or women, adoptive or biological parents.  Id. at 342.  As it is not related to gender, or even to bearing a child, the role of being a new parent does not fall within the protected class as defined by the PDA.  Id.

In the instant case, the Plaintiff's pregnancy concluded over 18 months before the adverse employment action took place.  Because of the lack of temporal proximity, she must provide evidence that she had a medical condition related to pregnancy or childbirth at the time she was discharged by the Defendant to establish her membership in the protected class.  Solomen, 183 F. Supp. 2d at 754.  Plaintiff has provided the Court with no evidence, outside of her own assertions.  Therefore, Plaintiff has not established a prima facie case of pregnancy discrimination because she has not met her evidentiary burden of establishing that she was a member of the protected class.  See Khazzaka v. Univ. of Scranton, 148 Fed. Appx. 72, 73-74 (3d Cir. 2005) (mere assertions are not enough, the non-moving party must point to facts in the record).

Assuming, arguendo, that Plaintiff was a member of the protected class as defined by the PDA, she would still have to demonstrate that the Defendant treated non-members of the protected class more favorably.  Plaintiff has provided no evidence that employees who were not members of the protected class were treated more favorably.  Because Plaintiff has not shown that she was a member of the protected class, and has not shown that non-members were treated more favorably, Plaintiff has not established a prima facie case of pregnancy discrimination.

Moreover, the Defendant has provided a legitimate business reason for terminating Plaintiff's employment – her failure to attend the 2004 meeting.  (See supra at 9.)  However, Plaintiff has not provided any evidence that this reason was a pretext for discrimination.  Because she has not fulfilled her evidentiary burden, the Defendant is entitled to summary judgment.

**Conclusion:**

In light of the foregoing, the Defendants' motion for summary judgment will be granted.

An appropriate Order will issue this date.


Dated: August 6, 2007             s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  United States District Judge